```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

ISRAEL TERRAZAS SAENZ,           :

    Petitioner,              :
                                           CIVIL ACTION 09-0630-KD-M
v.                               :
                                           CRIMINAL ACTION 07-0273-KD-M
UNITED STATES OF AMERICA,        :

    Respondent.              :


## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 29) and Respondent's Motion to Dismiss (Doc. 31). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 31) be granted, that Petitioner's Motion to Vacate (Doc. 29) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Israel Terrazas Saenz.

A Criminal Complaint was filed in this Court on August 13, 2007, stating that Petitioner had illegally re-entered this country, after having been deported (Doc. 1). On August 31,

Saenz was indicted for illegal re-entry in violation of 8 U.S.C. § 1326(a) (Doc. 8).  On October 22, 2007, Petitioner pled guilty and was found guilty of the charge (Doc. 14).  On March 7, 2008, Judge DuBose sentenced Petitioner to forty-six months on the conviction, three years of supervised release following his release from prison, and an assessment of one hundred dollars; the judgment was entered onto the docket on April 1, 2008 (Doc. 26).  Petitioner did not appeal the conviction or sentence.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 was filed on September 24, 2009 and raises a single claim:  He received ineffective assistance of counsel because his attorney did not tell him that by pleading guilty he faced deportation (Doc. 29).  On October 2, 2009, Respondent filed a Motion to Dismiss (Doc. 31).  Though ordered to file a reply to the Motion to Dismiss no later than October 29, 2009 (Doc. 32), Petitioner has failed to do so.

Before taking up Saenz's claim, the Court notes that Respondent has argued that this action should be dismissed as his Motion was not filed within the one-year statute of limitations period (Doc. 31, pp. 3-4).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of
> a court established by Act of Congress

>
> claiming the right to be released upon the
> ground that the sentence was imposed in
> violation of the Constitution or laws of the
> United States, or that the court was without
> jurisdiction to impose such sentence, or that
> the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to
> a motion under this section.  The limitation
> period shall run from the latest of--
>
>> (1) the date on which the judgment of
>> conviction becomes final;
>>
>> (2) the date on which the impediment to
>> making a motion created by governmental
>> action in violation of the Constitution
>> or laws of the United States is removed,
>> if the movant was prevented from making
>> a motion by such governmental action;
>>
>> (3) the date on which the right asserted
>> was initially recognized by the Supreme
>> Court, if that right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on
>> collateral review; or
>>
>> (4) the date on which the facts
>> supporting the claim or claims presented
>> could have been discovered through the
>> exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file an appeal, so, for purposes of this Motion, his conviction became final ten days after the entry of judgment.  *See Maderos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[j]udgment of conviction became final . . .

3

ten days after it was entered") (citing F.R.App.P. 4(b)(1)).  The judgment was entered onto the docket on April 1, 2008 (Doc. 26).  Ten days after that was April 15, 2008.  *See* Fed.R.Crim.P. 45(a) ("The following rules apply in computing any period of time specified in these rules:  (2) [e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days").

Petitioner's Motion was received by this Court on September 24, 2009 (Doc. 29).[1]  The Court notes, however, that under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In connection with his Motion, Saenz signed an affidavit on August 18, 2009 (Doc. 29, p. 5).  Therefore, Petitioner could not have delivered his Motion to prison authorities any earlier than that date, August 18, 2009, more than four months later than the April 15, 2009 deadline.  In other words, it was filed four months too late.

---

[1] The Court notes that Saenz did not complete and file one of the Court's forms in bringing his Motion; furthermore, he has not signed his "motion" (Doc. 29).  Under Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the motion "must be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."  This failure alone would warrant the dismissal of Saenz's Motion.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  However, because this action can be dismissed on statute of limitations grounds, the Court will continue with that analysis.

Under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Petitioner has not demonstrated any extraordinary circumstances; he has not even responded to this Court's order to show cause why this action should not bee dismissed.  Saenz has not been diligent in the filing of this action as it comes more than four months too late.  The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the statute.

Saenz has raised one claim in his Motion to Vacate.  The Court has found, however, that Petitioner has filed his Motion four months too late.  Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 31) be granted, that Petitioner's Motion to Vacate (Doc. 29) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Israel Terraszas Saenz.

```
            MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
               AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
                  AND FINDINGS CONCERNING NEED FOR TRANSCRIPT
```

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 3rd day of November, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE